D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STEVEN MANNEY and JOSEPH LEONARD,

                Plaintiffs,

      - against -

SAM J. NOLE and SAM J. NOLE D/B/A ATLANTIC
PACIFIC MEDIA GROUP INC.,

                Defendants.
----------------------------------------------------------------X

**ORDER**
12-CV-0050 (SJF) (WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUN 1 1 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On January 5, 2012, pro se plaintiffs Steven Manney and Joseph Leonard ("plaintiffs") commenced this action against defendants Sam J. Nole ("Nole") and Sam J. Nole d/b/a Atlantic Pacfic Media Group, Inc. (together, "defendants"). In their brief complaint, plaintiffs allege that defendants "agreed to transfer" a fifty percent (50%) ownership interest in a music catalogue to them and that defendants breached a contract between the parties. Plaintiffs seek the following relief: (1) a declaratory judgment finding that plaintiffs own "50% of the copyright" in the music catalogue; (2) an injunction "prevent[ing defendants] from manufacturing and distributing the music catalogue without the Plaintiffs [sic] approval or participation"; and (3) four million dollars ($4,000,000.00) in damages arising from the alleged breach of contract. [Docket Entry No. 1].

Plaintiffs now seek entry of default judgment against defendants. [Docket Entry No. 7]. According to affidavits of service filed with the Court, defendants were served with the summons and complaint on January 6, 2012, [Docket Entry No. 2], but failed to file an answer or otherwise

1

defend against this action. On March 2, 2012, the Clerk of Court entered a certificate pursuant to Federal Rule of Civil Procedure 55(a) noting defendants' default. [Docket Entry No. 6].

"[J]udgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court . . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." Ortiz v. Lasker, 590 F.Supp.2d 423, 425 (W.D.N.Y. 2008) (quoting Bianco v. Seaway Indus. Svcs., Inc., No. 03-CV-0084E(F), 2004 WL 912916, at *1 (W.D.N.Y. Apr. 1, 2004)); see also Orellana v. World Courier, Inc., No. 09-CV-576, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010) ("[T]he decision to grant a motion for entry of a default judgment lies in the sound discretion of the trial court . . . . A court should deny a motion for entry of a default judgment if the facts a plaintiff alleges in his complaint, taken to be true, fail to state a valid cause of action upon which the relief sought can be granted."). On the present record, the Court does not find that plaintiffs have presented a "sufficient basis" for judgment in their favor.

Plaintiffs seek a declaratory judgment finding that they own a fifty percent (50%) stake in the music catalogue's copyrighted material. "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). Plaintiffs allege that Nole "offered a partnership in the catalog" after he was unable to perform under a contract between the parties. [Docket Entry No. 10 at 5; Docket Entry No. 1 at 2-3]. In support of their claim, plaintiffs have submitted an e-mail from Nole addressed to an individual named "Joe," in which Nole states that he is "willing to

2

relinquish full control [of the 'catalogue'] for a simple 50/50 split after we all recoup current out of pocket expenses." [Docket Entry No. 10 at 40].

The "intention of a copyright owner seeking to transfer an ownership interest must be clear and unequivocal." Weinstein Co. v. Smokewood Entm't Group, LLC, 664 F.Supp.2d 332, 341 (S.D.N.Y. 2009). "The rule is really quite simple: If the copyright holder agrees to transfer ownership to another party, that party must get the copyright holder to sign a piece of paper saying so." Id. at 340 (quoting Effects Assocs., Inc. v. Cohen, 908 F.2d 555, 557 (9th Cir. 1990)). This e-mail, even read in context with plaintiffs' complaint, does not demonstrate that plaintiffs are entitled to a declaratory judgment regarding ownership in the music catalogue. As an initial matter, any potential transfer of ownership rights was plainly subject to a condition precedent (*i.e.*, the recovery of "current out of pocket expenses"), and there is no indication that this condition was ever satisfied. Furthermore, the e-mail simply states that Nole was "willing" to grant a "50/50 split," not that there was ever an actual agreement to transfer. As plaintiffs have not demonstrated that they are entitled to a declaratory judgment, there is no basis for granting the injunctive relief requested.

Nor have plaintiffs demonstrated that they are entitled to four million dollars ($4,000,000.00) in damages for the alleged breach of contract. "To establish a prima facie case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." Nat'l Market Share, Inc. v. Sterling Nat'l Bank, 392 F.3d 520, 525 (2d Cir. 2004) (citation omitted). Although the Court must construe the pro se plaintiffs' pleadings liberally, see Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996), neither the terms of the alleged contract nor the circumstances of the alleged

3

breach are entirely clear from plaintiffs' submissions. Furthermore, plaintiffs' damages calculation is based upon an unsubstantiated estimate of the music catalogue's value "at one time." Plaintiffs provide no basis for finding that the alleged breach of contract caused them damage in the amount of four million dollars ($4,000,000.00). See Overcash v. United Abstract Group, Inc., 549 F.Supp.2d 193, 196 (N.D.N.Y. 2008) ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought.")

Plaintiffs are given one (1) additional opportunity to demonstrate that they are entitled to entry of a default judgment and entitled to the relief they seek. Accordingly, plaintiffs are granted leave to file an amended complaint on or before July 11, 2012. The amended complaint shall be served upon defendants in accordance with the Federal Rules of Civil Procedure. If defendants' time to answer or otherwise move expires, plaintiffs may renew their motions pursuant to Federal Rule of Civil Procedure 55. The Court notes that, given the nature of their claims, plaintiffs are likely to benefit from consulting or retaining counsel in connection with this case.

The Clerk of Court is respectfully directed to serve a copy of this order upon all parties who have appeared in this action.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:   June 11, 2012
         Central Islip, New York

4